



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/08

THE CITY OF NEW YORK

# LAW DEPARTMENT

MICHAEL A. CARDOZO
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

BAREE N. FETT
Assistant Corporation Counsel
Phone: (212) 788-8343
Fax: (212) 788-9776
bfett@law.nyc.gov

July 25, 2008

**BY FAX**
Honorable Richard J. Holwell
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED
JUL 25 2008
CHAMBERS OF
RICHARD J. HOLWELL

    Re: Anthony Holly v. City of New York, et al.
         08 CV 5253 (RJH)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendants City of New York and the New York City Police Department, in this matter. I write to respectfully request an enlargement of time from July 28, 2008, until September 29, 2008, for the defendant to answer or otherwise respond to the complaint. Plaintiff's counsel consents to this application. In addition, the parties respectfully request an adjournment of the initial conference scheduled for September 5, 2008, to a date and time convenient to the Court after issue has been joined.[1]

    In the complaint, plaintiff alleges, *inter alia*, that, on December 14, 2007, February 2, 2008 and March 13, 2008, he was subjected to a violation of his constitutional rights. Specifically, plaintiff alleges that he was falsely arrested, unlawfully strip searched, and subjected to excessive force by officers of the New York City Police Department.

    There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this

---

[1] Defendants also note that an adjournment of the initial conference is necessary as plaintiff's counsel will be on vacation on September 5, 2008.

additional time to investigate the allegations of the complaint. Therefore, this office will be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to §160.50, all official records concerning plaintiff's arrest are sealed upon a favorable termination of the criminal matter. In addition, this office will also be forwarding to plaintiff for execution, releases for his medical and psychiatric records. Defendants cannot obtain these records without the designation and the medical releases, and without the records, defendant cannot properly assess this case or properly respond to the complaint.

In addition, the extension should allow time for plaintiff to serve the defendant officers with process and for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent him. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request: 1) that defendants' time to answer or otherwise respond to the complaint be extended to September 29 2008; and, 2) that the September 5, 2008 initial conference be adjourned to a time convenient to the Court after issue has been joined.

*Answer by 9/29/08*
*Conf. adj. to 10/3/08*
*at 10:00*

Thank you for your consideration of these requests.

SO ORDERED

*[signature]*
US DJ
7/30/08

Respectfully submitted,

*[signature]*
Baree N. Fett (BF9416)
Assistant Corporation Counsel

cc: Lauren Patricia Raysor, Esq. (by fax)
*Attorney for Plaintiff*

2